IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. JRR-23-0227 |
| KEVIN WALLACE | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT'S MOTION TO REOPEN HIS PRIOR DETENTION HEARING

The defendant, Kevin Wallace, through his attorney, David Walsh-Little, respectfully moves this Court to reopen his prior detention hearing to allow him to present arguments that the Government's cannot presently meet its burden to continue to detain Mr. Wallace and in support thereof states as follows:

1. Mr. Wallace was initially arrested on a related state case in this matter on December 29, 2022. He has been continuously detained since that date. On July 13, 2023, Mr. Wallace was federally indicted for possessing ammunition when being prohibited from doing so due to a prior felony conviction in violation of 18 U.S.C. §922(g). ECF No. 1. No additional counts have been charged as of the filing of this motion.

2. Mr. Wallace had his initial appearance in federal court on July 31, 2023. A detention hearing was conducted on August 3, 2023. Undersigned counsel was not Mr. Wallace's attorney at that time and upon information and belief discovery was provided after the August 3, 2023 detention hearing to prior counsel. Then Magistrate Judge Matthew J. Maddox conducted the detention hearing and detained Mr. Wallace. ECF No. 10.

1

Although not yet reflected on ECF, a trial date of July 22, 2024, has been agreed to by the parties and approved by Judge Rubin's chambers.

3. A detention hearing may be reopened if information exists that was not known to the movant at the time of the hearing that has a material bearing on whether conditions of release are applicable. 18 U.S.C. § 3142(f)(2)(b). The Bail Reform Act requires an initial finding that there is a basis to detain any particular defendant as described in 18 U.S.C. § 3142(f). The basis for Mr. Wallace's detention as raised at the August 2023 hearing was that the crime involved the possession or use of a firearm or that Mr. Wallace poses a serious risk to obstruct justice.

4. After a review of the discovery provided in this case, there is not a basis to establish that any of the items seized in the investigation meet the definition of a firearm as defined in the United States Code and/or the Code of Federal Regulations. Additionally, a review of the collective discovery in this case does not establish that Mr. Wallace poses a serious risk to obstruct justice or attempt to obstruct justice. As such, the Court should reopen the detention hearing and assess *de novo* the viability of any conditions of release in this matter.

5. At the August 3, 2023 hearing, after listening to arguments from the attorneys, the Court asked counsel for the Government what is the basis under 3142(f) for detention. At that time, the Government described reliance on the theory that this crime involved the possession or use of a firearm, which necessarily requires compliance with the technical definitions of a firearm as described in 18 U.S.C. § 921(a)(3) and 27 CFR §§ 478.11, 478.12. In conversations with Government counsel, it is the undersigned's understanding that investigation in this area is ongoing, however, presently no report or opinion by an

expert in firearms has been provided that establishes that any item seized in this investigation is a firearm.

6. At the prior detention hearing, the court relied on a jail phone call during which Mr. Wallace requested that a friend delete certain social media posts. This was the basis of concluding that the obstruction of justice threshold had been met. The discovery in this case does not describe any other acts that would indicate that Mr. Wallace poses a serious risk of obstructing justice if released. The phone call in the context of the provided discovery does not meet the threshold of finding that there is a substantial risk of future acts of obstruction by Mr. Wallace.

7. Mr. Wallace is fifty years old. A suitable third party custodian was previously approved by Pretrial Services and is still available to act in that role.

WHEREFORE, Mr. Wallace requests that the Court reopen his detention hearing consider releasing him on suitable conditions, and any other and further relief that justice demands.

                                        Respectfully submitted

                                        _____/s/_____
                                        DAVID WALSH-LITTLE, #23586
                                        The Law Office of David Walsh-Little, LLC
                                        1014 West 36th Street
                                        Baltimore, Md 21211
                                        Tel: 1.410.205.9337
                                        Fax: 1.667.401.2414
                                        Email: david@walshlittlelaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion was sent to all parties via CM/ECF.

/s/
DAVID WALSH-LITTLE, #23586

.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion was sent to all parties via CM/ECF.

/s/
DAVID WALSH-LITTLE, #23586

.