## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. JRR-23-0227** |
| **KEVIN WALLACE,** | |
| **Defendant.** | |

## RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO REOPEN PRIOR DETENTION HEARING

Pending before the Court is Defendant Kevin Wallace's motion to reconsider a pretrial detention order. The Defendant was indicted on July 13, 2023 for possession of ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). ECF No. 1 On July 31, 2023 he was arrested and had his initial appearance. The Defendant originally had a detention hearing on August 3, 2023 before the Honorable Matthew J. Maddox (Judge Maddox)[1] who ordered the Defendant detained pending his trial. *See* ECF No 10. On February 12, 2024, the Defendant filed a motion to reopen his prior detention hearing. *See* ECF No. 28 – Def's Motion.

The Defendant argues that the hearing may be reopened if information exists that was not known to the movant at the time of the hearing that has a material bearing on whether the conditions of release are applicable. *See* Def's Motion at ¶ 3. This claim is without merit. There is no material change in the circumstances that warrant another hearing.

The Defendant's generic argument runs counter to the individualized determination required by the Bail Reform Act, as already assessed by Judge Maddox. *First*, as already found by Judge Maddox, (*See* ECF No. 10), the statutory detention factors weigh in favor of detention.

---

[1] At that time of this hearing, the Honorable Matthew J. Maddox was a Magistrate Judge, he has since been appointed a District Judge in the District of Maryland.

*Second*, the pretrial service officer found that there were no condition or combination of conditions to reasonably assure the safety to the community. *See* Ex. 1 at p. 15 (Pretrial Service Report). *Third*¸ the Defendant has put forth no additional evidence to support his release beyond what he presented at the original detention hearing. Since, the Defendant has failed to make a sufficient factual showing to merit the relief sought, this Court should deny the motion, without a hearing.

Furthermore, the Defendant is seeking to circumvent the appropriate method for which he is seeking relieve, which is to appeal the detention order pursuant to 18 U.S.C. § 3145. However, even if the Defendant did appropriately seek appeal of his detention order, there is nothing to support the Defendant's release, nor is there any error with Judge Maddox's detention order. Accordingly, the Defendant should remain detained pending trial.

## BACKGROUND

### I.   Factual and Procedural Background

At the August 3, 2023 detention hearing, the Government summarized many of the salient facts bearing on the detention analysis as well as provided exhibits to the Court depicting evidence of the investigation as well as evidence seized during a search and seizure warrant. Of note, the Defendant (1) was using Instagram to post and display privately made firearms (Ex. 2 – screenshot from the Instagram posts); (2) on December 29, 2022, tossed a bag out the rear window of his house when Baltimore City Police Officers were executing a search warrant – the bag contained two lime green 3D-printed milled lower receivers, one army green 3D-printed milled lower receiver, one black 3D-printed milled lower receiver, three Glock magazines, 1 AR-style magazine, one Airsoft revolver, *twenty-three live 9mm cartridges, (Count 1)* and firearm accessories (Ex. 3 – photograph of the recovered bag); (3) several other firearm receivers and frames along with additional ammunition were recovered throughout the house and were also used to decorate a Christmas tree (Ex 4. – photograph of Christmas tree). Overall, officers recovered

multiple 3D receivers, 3D magazines, an extended magazine and a 3D AR style pistol. The Defendant also admitted that he builds firearms and that he did not believe that making "only frames" was illegal. Officers believe the Defendant used his house to build and used the 3D printer to make firearm parts and to manufacture firearms.

At the detention hearing, the Court inquired whether there would be additional charges and the Government noted that the evidence seized on December 29, 2022, was submitted for further analysis to confirm that the receivers recovered during the search warrant met the definition of a firearm pursuant to 18 U.S.C. § 921(3)(B). *See* Ex. 5. – Detention Hearing Transcript at 8-9. While that analysis is still being conducted, the Government has been advised that at this time, at least 8 of the 13 receivers meet the definition of a firearm as noted above. The Government expects that a report will be finalized within the next week and anticipates additional charges will be forthcoming.

Additionally, the Defendant is asking this Court to review another court's finding on whether the evidence presented at the August 3, 2023 detention hearing met the threshold for obstruction of justice. That is not for this Court to do. If the Defendant would like to appeal those findings, there is a mechanism for that request pursuant to 18 U.S.C. § 3145.

During the detention hearing, the Government also noted the Defendant's extensive criminal history. Since the age of 17, he has been convicted 15 times for offenses that involve possession of firearms, assault-second degree convictions, theft and arson. The Government maintains its position that the Defendant is a danger to the community.

Judge Maddox concluded by clear and convincing evidence that the defendant posed a risk to the safety of other persons and the community and that there was no condition or combination of conditions that would reasonably assure community safety. *See Ex. 5* at 21. The Court's reasoning is explained in detailed in the detention hearing transcript, as well as noted on the Order.

*Id.* at 21 – 26. Judge Maddox's Order highlighted several factors that supported his position for detention. Specifically, he noted the charges "18 U.S.C. sec 922 (g)," the 15-year penalty as well as additional reasons that included "reasons stated in open court, including long criminal history with various offenses, violations of probation, out on bond at the time of the offense charged, evidence of large-scale production and potential distribution of firearm parts in Defendant's residence." ECF No. 10.  As such, the Court ordered the Defendant detained.

The Defendant presents no new arguments in favor of release and therefore, the motion should be denied.

## ARGUMENT

### I.   **Applicable Law**

The legal standards governing pretrial detention analyses are governed under 18 U.S.C. § 3142 (f). The defendant asks this Court to consider not only reopening the detention hearing, but also to conduct a *de novo* review. Neither of which are appropriate.

*First*, pursuant to 18 U.S.C. § 3142(f)(2)(B) the hearing may be reopened if information exists that was not known to the movant at the time of the hearing that has a material bearing on whether the conditions of release are applicable. The Defendant fails to establish any new or material information not previously known to the movant at the time of the initial detention hearing.

*Second,* the Defendant's reasoning does not merit a change in circumstances, nor does it require this Court to review the conduct by way of a *de novo* hearing. Judge Maddox has already made an individualized determination as required by the Bail Reform Act, and the Court's analysis is still on point. Additionally, if the Defendant would like to appeal Judge Maddox's detention order, then he should do so, as required, to the District Court. He cannot sidestep the process by asking this Court to do so.

If the Defendant were to seek an appeal of the detention order pursuant to 18 U.S.C. § 3145, then the District Court would review the detention decisions *de novo*. *United States v. Martin*, 447 F. Supp. 3d 399, 403 (D. Md. 2020). The Government bears the burden of proving through clear and convincing evidence that pretrial detention is warranted.  *See* 18 U.S.C. § 3142(e)(1). And "if…the judicial officer finds that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the] judicial officer shall order the detention of the person before trial."  18 U.S.C. § 3142(e)(1). The Defendant has failed to make a sufficient factual showing to merit the relief sought, therefore, this Court should deny the motion, without a hearing.

## II.    The Section 3142(g) Factors Weigh Heavily in Favor of Detention

In this case, the Defendant has put forth no evidence to negate the risk he poses to the community, nor provided any information that is new and that was not known at the time of the August 3, 2023 detention hearing. But even if he did, an examination of the Section 3142(g) factors demonstrates that the detention order should remain in place.

*First*, the nature and circumstances of the offenses and the weight of the evidence weigh heavily in favor of detention.  Regarding the weight of the evidence, much of the critical evidence in this case was seized in his home or documented on Instagram posts. In short, the evidence in this case is *exceedingly strong*.  Judge Maddox said it best in his Order, that there was "evidence of large-scale production and potential distribution of firearms in the Defendant's residence." ECF No. 10.

The Defendant also attempted to have his girlfriend destroy evidence by burning incoming mail and removing information on his Instagram and Facebook accounts except his personal stuff, "just take all the bullshit and videos down". *See* Ex. 5 at 9 -10. The danger to the community posed

by the Defendant's activities is significant, especially in a city ravaged by fiearm-related homicides.

  *Second*, the history and characteristics of the Defendant also militate in favor of detention. He has not been deterred by any of his prior convictions, and in fact, though he is prohibited from possession of firearms and ammunition, claims that he is making firearms for his livelihood. He is clearly prohibited from doing so as detailed by his extensive criminal history of unlawful activity since the age of 17 years old. *See* Ex. 1 at 3 – 14. Furthermore, the Defendant has a history of poor performance while under community supervision, with previous warrants for failing to appear in state court and failure to comply with conditions of state probation. *Id.* at pp. 4, 6 – 9, 13. There is ample evidence that the Defendant will not abide by any conditions set by the Court. More importantly, the Pretrial Services Report noted, "I do not believe there is any condition or combination of conditions to reasonable assure the safety of the community. Therefore, I respectfully request the defendant be detained." *Id.* at 15.

  *Third*, the Government cannot overstate the danger that firearms have upon our community. Here, the Defendant was making firearm parts from his 3D printer that included multiple receivers, triggers, magazines, AR style pistols and buttstock and also possessed ammunition, as well as a magazine and an extended magazine. Those firearm parts are untraceable and unregistered. The Defendant's possession of these privately made firearm parts are emblematic of the problems suffered by Baltimore City and surrounding areas. The Defendant's release would pose a serious risk to the community in the form of handgun violence. These are risks that Judge Maddox already weighed and determined that there were no release conditions that could assure community safety.

## CONCLUSION

For the foregoing reasons, the Defendant's motion should be denied.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____/s/_____

LaRai Everett
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 13, 2024, the following was filed via CM/ECF which provides

service on counsel of record, and that a copy of the foregoing was sent via email to defense counsel,

David Walsh-Little.

By:_____/s/_____

LaRai Everett
Assistant United States Attorney