

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Liane Kozik*
*Special Assistant United States Attorney*
*Liane.Kozik@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4878*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

May 22, 2024

The Honorable Julie R. Rubin
United States District Judge
District of Maryland
Edward A. Garmatz United States District Courthouse
101 W. Lombard Street
Baltimore, MD 21201

      Re:    Sentencing in *United States v. Kevin Wallace*
               Crim. No. JRR-23-227

Dear Judge Rubin:

      I write in advance of the sentencing hearing for Defendant Kevin Wallace ("Wallace"), currently scheduled for Wednesday, May 29, 2024, at 10:00 a.m. For the reasons below and pursuant to the plea agreement in this case, the Government recommends 24 months' imprisonment.

## I.    BACKGROUND

      On December 29, 2022, the Baltimore City Police Department executed a search warrant at Wallace's residence as 436 North Rose Street, Baltimore, Maryland 21224, based on the belief that Wallace was manufacturing and storing privately made firearms ("PMFs" or "ghost guns") in the residence. During the execution of the search warrant, law enforcement found approximately 25 rounds of 9mm ammunition. Additionally, officers found a 3D printer, 3D printing materials, multiple 3D-printed milled lower receivers, other 3D printed firearm parts, firearm magazines, and other items indicative of Wallace 3D printing firearms.

      On March 20, 2024, Wallace pled guilty to possession of ammunition in violation of 18 U.S.C. § 922(g)(1).

## II. UNITED STATES SENTENCING GUIDELINES

The Government submits that the Guidelines set forth below should be applied:

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(4)(A)) | 20 |
| Less:   Acceptance of Responsibility ((§ 3E1.1(a)) | -3 |
| Total: | **17** |

The parties agree that the Defendant's Criminal History Category is IV.  Accordingly, an advisory guidelines range of 37-46 months applies.

## III. THE RELEVANT SECTION 3553(a) FACTORS

The factors set forth in Title 18, United States Code, Section 3553(a) include: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the Defendant; (6) the need to provide the Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentencing disparity among Defendants involved in similar conduct who have similar records. 18 U.S.C. § 3553(a).

A sentence of 24 months' imprisonment is sufficient but not greater than necessary to achieve the purpose of sentencing under §3553(a).  This sentence would punish Wallace's illegal possession of ammunition and discourage him from continuing to recklessly print 3D printing firearm parts in the future.

### A. History and Characteristics of the Offender

Wallace has an extensive criminal history dating back to the early 1990.  However, the Government recognizes and appreciates that Wallace has taken some strides to become a more productive member of society with periods of successful employment and no criminal activity.  Wallace has not been convicted of any crime since 2016.  Pre-Sentence Report ("PSR"), at ¶47.  During that time, Wallace worked as a laborer, scooter collector, and entrepreneur. PSR, at ¶¶84–86.

As discussed in the Defense's sentencing memorandum, the controlled substance offense that dictates Wallace's base offense level being 20 is from 2003 when Wallace was 29 years old.  Without this offense, Wallace's final offense level would be 12,[1] and his criminal history category

---

[1] In his sentencing memorandum, the defense incorrectly states that the final offense level would be 11 in this hypothetical scenario, assuming there would be a three-level decrease for acceptance of responsibility.  However, under 3E1.1, the Defendant would only be eligible for a two-level decrease for acceptance of responsibility because his base offense level would be 14.  U.S.S.G. §3E1.1(b).

2

would be III, resulting in a guideline range of 15–21. While the Government and the defense agree that the 2003 CDS Distribution conviction counts as criminal history points because of a violation of probation within the 15-year window, the length of time since that conviction is certainly a factor for the court to consider. While this sentence is below guidelines, the Government believes it is appropriate given the age of his criminal convictions. This sentence will provide an adequate consequence and also ensure that his path toward becoming a productive member of society is not completely disrupted when he is released from custody.

### B. Nature and Circumstance of the Offense, the Seriousness of the Offense, and the Need to Protect the Public from Further Crimes of the Defendant

A 24-month sentence accounts for possession of ammunition by a prohibited person is a serious offense, particularly in this case. Not only did Wallace have ammunition in his possession at the time he was arrested, but Wallace was printing firearms parts using a 3D printer. At the time of his arrest, Wallace had multiple 3D printed lower receivers and other 3D-printed firearm parts, a 3D printer, multiple filament cartridges (new and used), and a Dremel, all indicative of 3D printing firearms. Some of these parts are pictured below. These parts had the capability of being used to make firearms. Given the quantity of the parts, there is no doubt that that is exactly what Wallace intended to do. Wallace also had multiple firearm magazines, accessories, and upper receiver slide assemblies.



Ghost guns, or homemade firearms that can be made with 3D printers, are a growing problem in both Baltimore and the United States. According to the ATF, the use of ghost guns in crimes in the U.S. rose more than 1,000% since 2017.[2] In Baltimore, ghost guns make up for about 20% of the crime-related guns recovered by police.[3] These guns are not serialized, making them hard to trace and regulate and, therefore, a favorite tool of criminal in states like Maryland with strict gun laws. These firearm parts in the wrong hands would only serve to exacerbate the already dire firearm and violence problem in Baltimore City. Therefore, not only was it illegal for Wallace to possess the 9mm ammunition found in his home, but it was dangerous and reckless for the public for Wallace to be producing these privately made firearm parts *en masse*.

### C. The Need to Afford Adequate Deterrence

While Wallace only pled guilty to possession of ammunition by a prohibited person, this sentence will also serve to discourage him from continuing the reckless practice of 3D printing firearms in the future. Additionally, this will be Wallace's *first* federal sentence, and hopefully will be a specific deterrent to him as well. The Government believes that Wallace's conduct, in combination with his character and history, is adequately reflected by the recommended sentence and further believes such a sentence is sufficient to provide both a general deterrent and specific deterrent effect.

### IV. CONCLUSION

Considering those factors, the Government respectfully submits that 24 months' imprisonment is sufficient but not greater than necessary to achieve the purposes of sentencing under § 3553(a).

Very truly yours,

Erek L. Barron
United States Attorney

___/s/_____
LaRai Everett
Assistant United States Attorney
Liane Kozik
Special Assistant United States Attorney

---

[2] *See National Firearms Commerce and Trafficking Assessment: Firearms in Commerce*, U.S. DEPARTMENT OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, available at https://www.atf.gov/firearms/docs/report/national-firearms-commerce-and-trafficking-assessment-firearms-commerce-volume/download.
[3] Lee O. Sanderlin and Greg Morton, 1 in 5 Guns n Baltimore's Streets don't have serial numbers. That's a problem., Baltimore Banner (Feb. 23, 2024), available at https://www.thebaltimorebanner.com/community/criminal-justice/ghost-gun-data-baltimore-maryland-Y3VI4BRS7ZE5BI3IRXRRTA3EHI/.